CLERK'S OFFICE U.S. DISTRICT. COURT
AT CHARLOTTESVILLE, VA
FILED

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

APR 2 5 2024

LAURA A. AUSTIN, CLERK
BY: _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT

for the

Western District of Virginia

Charlottesville Division

|  |  |
|---|---|
| Jared Ethan West | Case No.   3:24cv00027 |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |
| **-v-** | Jury Trial: *(check one)*  ☒ Yes  ☐ No |
| City of Charlottesville, Steve Hawkes, Maria Weiss, Flora Kelly-Bertsche | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.     The Parties to This Complaint

#### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Jared Ethan West |
| Street Address | 404 Woodhaven Ct. |
| City and County | Charlottesville, Va. Albemarle County |
| State and Zip Code | Virginia 22902 |
| Telephone Number | 434-906-3246 |
| E-mail Address | West.Ethan2018@aol.com |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an
individual, a government agency, an organization, or a corporation.  For an individual defendant,
include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Steve Hawkes |
| Job or Title *(if known)* | IT Director |
| Street Address | 120 7th St. NE |
| City and County | Charlottesville |
| State and Zip Code | Virginia 22902 |
| Telephone Number | 434-970-3194 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Maria Weiss |
| Job or Title *(if known)* | IT Operations Manager |
| Street Address | 120 7th St. NE |
| City and County | Charlottesville |
| State and Zip Code | Virginia 22902 |
| Telephone Number | 434-970-3194 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Flora Kelly-Bertsche |
| Job or Title *(if known)* | Human Resources Organizational Development/Learning |
| Street Address | 605 E. Main St. |
| City and County | Charlottesville |
| State and Zip Code | Virginia 22902 |
| Telephone Number | 434-970-3490 |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Telephone Number

E-mail Address *(if known)*

## C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | City of Charlottesville |
| Street Address | 120 7th St. NE |
| City and County | Charlottesville |
| State and Zip Code | Virginia 22902 |
| Telephone Number | 434-970-3490 |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐        Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐        Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒        Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐        Other federal law *(specify the federal law)*:

☐        Relevant state law *(specify, if known)*:

☐        Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me.

☒    Termination of my employment.

☐    Failure to promote me.

☐    Failure to accommodate my disability.

☐    Unequal terms and conditions of my employment.

☒    Retaliation.

☒    Other acts *(specify)*:    Discrimination

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

1/24/22, 2/3/22, 2/4/22, 2/28/22, 3/4/22, 3/18/22

C.    I believe that defendant(s) *(check one)*:

☐    is/are still committing these acts against me.

☒    is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐    race

☐    color

☐    gender/sex

☐    religion

☐    national origin

☐    age *(year of birth)*                    *(only when asserting a claim of age discrimination.)*

☒    disability or perceived disability *(specify disability)*

Epilepsy, anxiety, depression

E.    The facts of my case are as follows. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

On 11/10/21, I was hired as an IT Support Specialist with the City of Charlottesville Information Technology department. I disclosed on 12/28/21 my disability of Epilepsy. My disability presented itself while at work on 1/13/22 in the form of a seizure. I was sent home for the day and told to remain working at home until my issue resolved, as I could not drive. While working from home I stated my rights under ADAand requested a reasonable accommodation due to my disability and other related issues of anxiety and depression, to my IT director, Steve Hawkes and also notified IT Operations Manager, Maria Weiss. Following my request I was reprimanded for my work performance on 2/4/22 by my Steve Hawkes and Maria Weiss. I had been given praise by my immediate supervisor Tyler Henderson the previous day, 2/3/22. I was then contacted my Human Resources the same day, 2/4/22 and placed on administrative leave with pay until I could provide documentation of my disability. I provided the requested documentation three different times and was finally allowed to return to work on February 28, 2022. I worked for 3 days and was then given a written reprimand on 3/4/22 by Steve Hawkes and Maria Weiss. I explained that I felt targeted and that the statements of the reprimand were fabricated. I was terminated on 3/18/22 by Steve Hawkes. These acts of discrimination and retatliation violated ADA. Statement of Facts and Statement of Claims and Additional exhibits attached.

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.   **Exhaustion of Federal Administrative Remedies**

A.      It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

August 4, 2022

B.      The Equal Employment Opportunity Commission *(check one)*:

☐        has not issued a Notice of Right to Sue letter.

☒        issued a Notice of Right to Sue letter, which I received on *(date)*     1/22/2026            .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.      Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐        60 days or more have elapsed.

☐        less than 60 days have elapsed.

## V.     Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

It is asked that: I be placed on the list of eligible employees for the City of Charlottesville; that there are no negative references made as to my employment with the City of Charlottesville, that all medical records be removed from my personnel file and be placed in a separate file, and that any disciplinary records be purged; that the City of Charlottesville receive formal training on Epilepsy and its effects; and that compensatory damages including lost wages and benefits, back and front pay, in the amount of $20,000.  My pay at the time I was terminated was $26.00 hourly rate and I was unpaid/unemployed from March 29, 2022-May 16, 2022 ($7280.00 not including lost medical benefits).  My new position started at $23.33 hourly rate, and I am still employed in a Technology Helpdesk position at the same employer and currently make $24.16 hourly rate.($9,380.00).  Additionally, I ask for reasonable compensatory damages of $25,000 for emotional distress, pain and suffering, mental anguish, loss of self-esteem and humiliation, loss of enjoyment of life and depression, lost job opportunities, loss of home purchase and the basic right to equal employment.

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:  _____

Signature of Plaintiff          _____

Printed Name of Plaintiff    _____

### B.     For Attorneys

Date of signing:  _____

Signature of Attorney        _____

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Street Address _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Richmond Local Office**
400 N. Eight Street, Suite 350
Richmond, VA 23219
(804) 362-6910
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 01/26/2024

**To:**  Mr. Jared E. West
404 woodhaven court
CHARLOTTESVLE, VA 22902
Charge No: 438-2022-00937

EEOC Representative and email:          ERIC BARKER
Investigator
eric.barker@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 438-2022-00937.

On behalf of the Commission,

Barker Eric
Digitally signed by Barker
Eric
Date: 2024.01.26 10:32:45
-05'00'

FOR

Daron L. Calhoun
Local Office Director

**Cc:**
Melissa York
Harman Claytor Corrigan & Wellman, P.C.
Myork@hccw.com

Lisa Robertson
City of Charlottesville
Robertsonl@charlottesville.gov

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 438-2022-00937 to the District Director at Elizabeth "Betsy" Rader, 129 West Trade Street Suite 400, Charlotte, NC 28202.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 438-2022-00937 to the District Director at Elizabeth "Betsy" Rader, 129 West Trade Street Suite 400, Charlotte, NC 28202.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

## NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at:
http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

### "Regarded as" coverage

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

Enclosure with EEOC Notice of Closure and Rights (01/22)

✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | | EEOC | **438-2022-00937** |
| | | FEPA | |

| Virginia Office of Civil Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Mr. Jared E. West | 434-906-3246 | |

Street Address

404 woodhaven court

CHARLOTTESVLE, VA 22902

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| City of Charlottesville | 501+ Employees | |

Street Address

120 7th Street

CHARLOTTESVILLE, VA 22902

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| Disability, Retaliation | 01/28/2022 | 03/18/2022 |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I.On November 18, 2021, I was hired as an IT Help Desk staff member by the above-named employer. On January 28, 2022, my disability presented itself at work. My team lead sent me home for the day. Because family members in my home tested positive for COVID, I was permitted to work from home until February 8, 2022. While I worked from home, I requested a reasonable accommodation through my director. The accommodation request was to begin work at 9:00 am and end my day at 5:00 pm. I was contacted by a Human Resources Representative and was placed on administrative leave with pay while my accommodation was processed. I provided all the requested documentation to Human Resources. When I returned to work on February 28. 2022, I was informed by the Director and Assistant Director that my accommodation was approved. I was then informed by the Lead that I was not authorized a lunch break anymore unless I came to work earlier. No one else had their lunch break taken out of their schedule. I also learned that certain work processes were changed while I was out on administrative leave. On March 4, 2022, I was disciplined by the Director for offenses that were untrue or were committed by others that were not disciplined I was also given two weeks to correct the issues that were referred to in the disciplinary action. I complained to the Director that I believed he was fabricating offenses to have me discharged. Also stated that I was out for 20 days and that processes changed which affected one of my disabilities. On March 18, 2022, I was disciplined by the

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| **Digitally Signed By: Mr. Jared E. West** | SIGNATURE OF COMPLAINANT |
| 08/04/2022 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| *Charging Party Signature* | |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br><br>FEPA | **438-2022-00937** |
| **Virginia Office of Civil Rights** | | and EEOC |
| *State or local Agency, if any* | | |

Director and discharged. II.The reason given to me for the discharge was that I failed to adhere to the requirements in the disciplinary action of March 4, 2022. However, many of the allegations in that disciplinary action were false and others were not held to the same standard I was held to.III.I believe I was disciplined, subjected to different terms and conditions of employment, and discharged because of my disabilities, and in retaliation for engaging in a protected activity, in violation of The Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Mr. Jared E. West**<br><br>**08/04/2022**<br><br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED    AND    SWORN    TO    BEFORE    ME    THIS    DATE<br>(*month, day, year*) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

## Statement of Facts

1. Jared E. West, who resides at 404 Woodhaven Ct, Charlottesville, Va. 22902, which is in Albemarle County, Virginia, previously employed by the City of Charlottesville.

2. City of Charlottesville located at 120 Seventh St., NE, Charlottesville, Virginia 22902, in the city of Charlottesville, Virginia, previous employer of Jared E. West.

3. Jared E. West was diagnosed with Epilepsy (focal epilepsy due to cryptogenic left TLE) in 2018. He is also diagnosed with Anxiety and Depression.

4. Epilepsy is recognized as a disability under the Americans with Disability Act.

5. Jared E. West was hired to work for the City of Charlottesville as a Technical Support Specialist. Jared E. West worked for the City of Charlottesville from beginning, November 10, 2021 and was employed until March 18, 2022.

6. Jared E. West was hired by Sunny Hwang, IT Director. Steve Hawkes took over as Interim IT Director in November 2021, shortly after Jared E. West was hired.

7. Jared E. West was qualified to perform the duties of a Technical Support Specialist; trained by the United States Army in Information Technology; successfully worked as a Desktop Support Analyst PC Tech for approximately one year prior to working at the City of Charlottesville.

8. Prior to disclosing his Epilepsy, Jared E. West had successfully performed the duties of his job.

9. On or about December 28, 2021, Jared E. West disclosed that he had epilepsy to his IT Director, Steve Hawkes.

10. On January 12, Jared E. West received praise for his performance by his immediate supervisor Tyler Henderson.

11. On January 13, 2022, Jared E. West had a seizure while at work and was sent home to work. He was told to work remotely until his issue resolved.

12. Steve Hawkes, suggested multiple times that Jared E. West apply for FMLA, for which he was not eligible according to city policy and as was stated by Human Resources (HR) employee, Flora Kelly-Bertsche.

13. Maria Weiss started her position as IT Operations Manager with the City of Charlottesville on January 17, 2022.

14. On January 24, 2022, Jared E. West received multiple forms of praise throughout the day for his performance by his immediate supervisor Tyler Henderson (Lead).

15. On or about February 3, 2022, Jared E. West made a request while working from home to Steve Hawkes, IT director, and Maria Weiss, IT Operations Manager, for a work accommodation in the form of a schedule change.

16. On February 3, 2022, Jared E. West received multiple forms of praise throughout the day for his performance by his immediate supervisor Tyler Henderson.

17. On or about February 4, 2022, Steve Hawkes and Maria Weiss met with Jared E. West via Teams and reprimanded him for his work performance while working from home.

18. On or about February 4, 2022, Jared E. West sent an email to Steve Hawkes stating that he was having issues with his epilepsy medication and mental health that it was mentally draining trying to work from home and had previously told him about issues with answering calls.

19. On February 4, 2022, Jared E. West submitted documentation to Flora Kelly-Bertsche, Human Resources Organizational Development/Learning Coordinator, from his neurologist documenting his Epilepsy with a physician statement that was on an Army medical exam form from his neurologist. These documents along with other medical documents were housed in his employee personnel file.

20. On February 4, 2022, Jared E. West received an email from Flora Kelly-Bertsche stating his medical documentation was insufficient and that he was placed on administrative leave with pay beginning February 7, 2022, until he could provide documentation from a physician for a release to return to work, as well as stating his disability and his ability to perform his work duties of his current job.

21. During the paid administrative leave Jared E. West was not invited to any meetings or updated as to any changes taking place in his position or on his team while on leave.

22. On or about February 3, 2022, Tyler Henderson, Senior Technical Support Specialist and direct supervisor to Jared E. West, sent an email stating that Tyler Ringling (Tech), also a Technical Support Specialist, hired at the same time as Jared E. West, and also on probation, was receiving additional training in the office.

23. On or about February 7, 2022, Jared E. West had an appointment with his neurologist, Dr. Nathan Fountain at UVA neurology clinic regarding his seizures, medication, and issues with sleeping and waking. He told Dr. Fountain that he had been placed on administrative leave due to his epilepsy and Dr. Fountain reiterated his rights under ADA as it related to his employment and said he would be happy to provide further documentation of his disability and related issues.

24. On or about February 11, 2022, Jared E. West submitted a letter to Flora Kelly-Bertsche from his neurologist stating his medical condition and request for work accommodation.

25. On or about February 14, 2022, Jared E. West received an email from Flora Kelly-Bertsche that the physician letter he submitted was again insufficient and ordered him to obtain another doctor's note stating he was released to return to work, though at no time had his physician ordered him not to work.

26. On or about February 20, 2022, Jared E. West submitted a third letter from his physician with "work release" specifically stated and asked for confirmation of receipt.

27. On or about February 23, 2022, Flora Kelly-Bertsche confirmed receipt of the letter and notified Steve Hawkes.

28. On February 23, 2022 @ 5:28pm, Jared E. West received an email from Flora Kelly-Bertsche stating that he could return to work on February 28, 2022, with accommodation, and any need for further accommodation would require a medical update in 6 months.

29. The City of Charlottesville, Steve Hawkes, Maria Weiss and Flora Kelly-Bertsche recognized and regarded Jared E. West as disabled under ADA.

30. On February 28, 2022, Jared E. West returned to work. He was provided a morning welcome back meeting and only an email late in the afternoon with written updates to his position and new requirements.

31. On March 4, 2022, Jared E. West was given a written reprimand after working 3 full days (after being on forced leave for 3 weeks) and given two weeks to improve performance.

32. On March 4, 2022, Jared E. West stated to Steve Hawkes and Maria Weiss that he felt he was being targeted and that items in the reprimand were untrue.

33. During a grievance hearing on April 29, 2022, Maria Weiss admitted that at least one of the items listed in the March 4, 2022 reprimand was incorrect and that his peer had similar infractions as to those stated in the reprimand.

34. On March 6, 2022, Jared E. West, sent an email to Steve Hawkes and Maria Weiss stating that he had been out of work for three weeks, due to being placed on administrative leave, and on top of memory issues related to his disability he was having trouble remembering previously taught tasks.

35. On March 17, 2022, Jared E. West was left alone to work the helpdesk after he returned from a deposition for which he was subpoenaed to attend and had provided documentation to his supervisors of such. There were no supervisors, operations manager, or director on site as they all left for the day shortly after Jared E. West returned to work.

36. On the morning of March 18, 2022, following a doctor's appointment, which he had notified Tyler Henderson he would be attending prior to March 18, 2022, directly related to medication for Epilepsy, Jared E. West was given a termination letter and escorted off of the premises at approximately 10:00am. Again, multiple points in the reprimand were misstated or incorrect.

37. Jared E. West filed a grievance with the City of Charlottesville on March 29, 2022.

38. Jared E. West filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission on August 4, 2022, and received a Notice of Right to Sue on January 26, 2024.

39. At all relevant times, Jared E. West was a qualified individual with a disability who met the necessary skills, experience, education and other job-related requirements of his position and was able to perform the essential functions of the position with or without a reasonable accommodation.

40. The City of Charlottesville, Steve Hawkes, Maria Weiss, and Flora Kelley-Bertsche discriminated and retaliated against Jared E. West because of his disability taking adverse employment action, placing him on leave, without a request from Jared E. West, and terminating him after his disability revealed itself on the job; subjecting him to disparate treatment by allowing his equally new peers to receive additional training and leniency; failing to engage in the interactive process and other duties and obligations of an employer. Lacking any requirement to abstain from working by his physician, Jared asked multiple times to return to work during his forced administrative leave.

41. Following termination, Jared E. West suffered from increased anxiety and depression and was referred to a psychiatrist and placed on anxiety and depression medication. He was seen by the doctor for this three times as a result of the stress related to his termination and disability.

42. Jared E. West, was in the middle of closing on the purchase of a home at the time his termination and needed to provide one last proof of income, as a result he was no longer eligible to purchase the home adding further stress and mental anguish.

43. Jared E. West, applied for a job as a firefighter with the City of Charlottesville and made it to the third round but was turned down due to his termination in the IT department with the City of Charlottesville.

Statement of Claims

1. On January 13, 2022, I, Jared E. West, had a seizure while at work and was sent home to work, because of my disability, by direct supervisor Tyler Henderson. I was told to work remotely until my medical issue resolved though it is a permanent disability. Working from home was difficult as the tools used to work from home were not sufficient and it was causing stress as stated to Steve Hawkes in an email on February 4, 2022, and I already suffered from Anxiety. Additionally, my physician documented that stress aggravated my Epilepsy. This also isolated me from my co-workers and team.

2. On or about February 3, 2022, I, Jared E. West stated my rights under ADA to Steve Hawkes, IT director, and Maria Weiss, IT Operations Manager. I explained that I had nocturnal tonic-clonic seizures in my sleep which caused issues with sleep and waking, I made a request for a work accommodation in the form of a schedule change. A reprimand was given on the following day, after my protected activity, February 4, 2022, by Steve Hawkes and Maria Weiss. I stated my rights again on February 4, 2022, in an email to Steve Hawkes. I was told to provide a physicians note to Human Resources for my requested accommodation.

3. On February 4, 2022, an email was sent by me, Jared E. West, to Human Resources Organizational Development/Learning Coordinator, Flora Kelley-Bertsche, with medical documentation from my neurologist documenting my Epilepsy (diagnosed in 2018) with a physician statement that was on an Army medical exam form from my neurologist. I received a return email also on February 4, 2022, stating that I was placed on administrative leave with pay, because of my disability, until I could provide documentation from a physician for a release to return to work, as well as stating my disability and my ability to perform my work duties of my current job. I did not ask to be placed on leave and was not ordered on leave by my physician. This adverse action kept me from working and continuing to learn my new job and isolated me from my team and co-workers.

4. On or about February 3, 2022, Tyler Henderson, Senior Technical Support Specialist and direct supervisor to me, Jared E. West, sent an email stating that Tyler Ringling, also a Technical Support Specialist hired at the same time as me, and similarly situated to me, received additional training in the office. I was not provided any additional training at any time during my employment and was therefore treated differently than similarly situated employees because of my disability.

5. On or about February 11, 2022, I, Jared E. West, submitted a second letter to Flora Kelly-Bertsche from my physician/neurologist stating my medical condition and request for work accommodation and this letter was also said to be insufficient. I was kept on leave until I could provide another letter stating I was released to return

to work, though at no time had my physician ordered me not to work. I was continued on administrative leave, further separating me from my team and practice of my previously trained skills, because of my disability. I was not offered any alternative to work.

6. On or about February 20, 2022, I, Jared E. West, submitted a third letter from my physician with "work release" specifically stated and I asked for confirmation of receipt. I did not receive confirmation of receipt until February 23, 2022, but was not allowed to return to work until February 28, 2022, almost a full week after submitting the requested documentation, further affecting my previously learned skills and retention, and separating me from my team and co-workers, further causing me stress and anxiety, because of my disability.

7. I, Jared E. West, returned to work on February 28, 2022 and was provided a morning meeting and then an email that was sent to me at approximately 3:00pm in the afternoon with updates to my position and I was told these were the new requirements of my job without any re-acclimating or additional training regarding my positions responsibilities or changes made while I was out on leave, though as stated in paragraph 4, my peer received additional training, further treating me differently than my work peers because of my disability. I also never received a mid-probationary evaluation as was stated in the City of Charlottesville HR policies at the time of my employment (7.12.4).

8. On March 4, 2022, I, Jared E. West, was given a written reprimand after working 3 full days (one day I was out for doctor's appointments, and another was a city holiday) following my return from leave on February 28, 2022. I was given two weeks to improve performance. At this time, I stated to Steve Hawkes and Maria Weiss that I felt I was being targeted and that items in the reprimand were fabricated. I further stated that feared asking for help as it was frowned upon as stated in his reprimand letter. Steve Hawkes repeated yelled at me to look at the memo that he had sent on the Monday of my return. I was not given any opportunity to discuss the accusations in the March 4, 2022 reprimand. Maria Weiss later admitted in a grievance meeting on April 29, 2022, that some of the items in the reprimand were untrue. This reprimand resulted in a two-week performance improvement plan that caused more stress and anxiety which had been stated by my physician in the letter sent to HR as referenced in paragraph 5, to avoid stress so that it did not further aggravate my condition. No further accommodations, trainings or alternatives were discussed or offered. These adverse actions followed shortly after my disclosure of my disability and protected activity of requesting an accommodation. It is also stated in the City of Charlottesville HR policies at the time of my employment that rejection of a

probationary employment…provided that the employee has been afforded adequate training (7.12.6).

9.  On March 6, 2022, I, Jared E. West, sent an email to Steve Hawkes and Maria Weiss stating that I had been out of work for three weeks and on top of memory issues related to my epilepsy disability, I was having trouble remembering previously taught tasks. There was no response to this email even though both Steve Hawkes and Maria Weiss recognized me as a person with a disability.  No further interactive process or remedy or training was offered.

10. On the morning of March 18, 2022, following a doctor's appointment directly related to my medication for Epilepsy, I, Jared E. West, was given a termination letter and escorted off of the premises at approximately 10:00am. Several of the stated reasons for my termination were also performed by my peers, supervisors, and IT director himself, further indicating different treatment and discrimination and retaliation because of my disability.

11. As stated in 1-10 above, The City of Charlottesville, Steve Hawkes, Maria Weiss and Kelley Flora-Bertsche discriminated and retaliated against me, Jared E. West, because of my disability The short time period between my seizure and termination, from January 19, 2022 to March 18, 2022, taking several adverse employment actions, placing me on leave for 24 days from February 4, 2022 through February 28, 2022 after my disability revealed itself on the job on January 13, 2022 in the form of a seizure;  terminating me; subjecting me to different treatment by allowing my peers and co-workers to receive additional training and leniency for the exact same infractions; failing to engage in the interactive process at any point after disclosing my disability on December 28, 2022, and other duties and obligations of an employer, as related to the Americans with Disabilities Act of 1990 as codified , 42 U.S.C §§12112 to 12117.

12. Following my termination, I suffered from emotional distress including increased anxiety and depression and had to be referred to a psychiatrist and was placed on medication.  I was seen by the doctor for this three times as a result of the stress related to my termination and disability.  Additionally, I applied for a job with the City of Charlottesville Fire Department and was asked about my termination after making it to a third-round interview and ultimately was not offered the job.  This was directly related to my termination that occurred related to my disability.